IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1476 |
| | ) | |
| WILLIAM MISTICK, NURSE JUDY, | ) | Judge Schwab |
| ALBERT ZOLLER, SERGEANT DEMORE, | ) | Magistrate Judge Hay |
| OFFICER CORRADO, OFFICER R. JONES, | ) | |
| OFFICER HALEY, OFFICER WORRALL, | ) | |
| in their individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | RE: Doc. 124 |

## MEMORANDUM ORDER

The above-captioned pro se civil rights action was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges. In her Report (Doc. 150), the Magistrate Judge recommended that the summary judgment motion (Doc. 124) filed by ACJ defendants be granted. After being granted an extension of time in which to file objections, Plaintiff filed his objections. (Doc. 157). Those objections do not merit any extensive discussion.

The Report noted correctly that the Plaintiff's conviction of various crimes in connection with the alleged incidents of excessive force asserted in this lawsuit estopped him from claiming certain facts - - which he has set forth in his sworn complaint and in his response to the summary judgment motion - - which contradicted facts that he previously admitted in his guilty plea proceedings. The Report correctly noted that Plaintiff had asserted these facts, which he is

estopped from asserting, under penalty of perjury. We are compelled to caution Plaintiff that his representations in these documents, sworn to under penalty of perjury, come dangerously close to committing perjury and may open himself to a criminal prosecution for such acts, should he persist.

Plaintiff objects that the convictions only establish that there was a need to use force against Plaintiff and that the Report could not conclude from the mere convictions that no excessive force took place. (Doc. 157 at 3). Plaintiff is wrong. The Report did not conclude that Plaintiff could not establish excessive force merely because of the fact of the convictions. (Doc. 150 at 18 n.14). Rather, the Report correctly noted that, in light of the force Plaintiff used, which required the officers to respond in force, and in light of the evidence of the force actually used by the Defendants that Plaintiff had adduced, no rational jury could find for Plaintiff. In other words, the evidence produced by Plaintiff as to the force used simply could not support a rational jury in finding it to have been excessive in relation to the demonstrated need for the force as a result of Plaintiff's own actions, which were conclusively established by his criminal convictions. (Doc. 150 at 16) ("In light of the facts conclusively established by the guilty plea colloquy, which clearly portrays Plaintiff as the instigator of violence on both dates, and in light of the fact that Plaintiff is estopped from denying that on July 2, 2005, he 'committed an assault on corrections officer[]Dennis Marney ... [and that he] participated with two or more other persons in the course of disorderly conduct with the intent to commit or facilitate the commission of a misdemeanor or felony and to coerce an official action where [he] . . . would incite other[s] to commit bodily injury to correction officers[,]' Dkt. [145-2] at 7, lines 7 to 18, the use of force by the officers as described by Plaintiff, namely the use of a crutch by Defendant Worrall to hit

2

Plaintiff in the right knee once while Defendant Zoller attempted to gain control of and/or hold Plaintiff, could not be found to be excessive by any reasonable jury considering all of the factors required under Fuentes, given the riotous atmosphere in the jail, the need for split second decision making on the part of Defendants Worrall and Zoller. This is so notwithstanding Plaintiff's claim that there was a large ratio of officers to inmates at some point in time during the riot.")(footnote omitted); id. at 17 to 18 ("Given Plaintiff's description of the force used, including the use of the pepper spray, and the fact that Plaintiff instigated the need for the use of force (contrary to Plaintiff's assertion of the instant facts in his response and complaint) by attempting to cause bodily injury to the corrections officers and that he is estopped from asserting his version of the events wherein he alleges that he was at all times acting innocently and never provoked anyone, no reasonable jury could find for the Plaintiff on this record as to the August 22, 2005 use of force."). Hence, contrary to Plaintiff, the evidence that he cannot contradict, considered together with the otherwise non-contradicted (i.e., not contradicted by his guilty plea proceedings) evidence he adduced, simply is so one-sided and fails to carry his burden to prove that the force used was excessive, that no rational jury could find for him. Plaintiff is absolutely wrong that he "need not take a position 'clearly inconsistent' with the facts established at his guilty plea proceeding to prove his claim of excessive force." (Doc. 157 at 4). As correctly noted by the Report, he did take a position clearly inconsistent with his guilty plea proceedings and, thus he opens himself to a prosecution for perjury. The facts at the guilty plea proceeding and the facts he swore to in this proceeding are clearly inconsistent, such that both versions could not be true. The Report, in a thorough and fact specific way, demonstrated how Plaintiff's claim of excessive force is almost wholly contradicted by the facts established in his plea colloquy.

3

(Doc. 150 at 16 to 18).

Plaintiff next objects to the Report's recommendation as to his First Amendment right of access to the courts claim. The Report correctly noted that the Plaintiff fails to adduce any evidence of a suit that was lost in a court or could not be brought by the Plaintiff in a court. Apparently conceding the correctness of this, Plaintiff changes tacks and tries to argue that his First Amendment right to "petition the government" was denied because of the actions of the Defendants taken in connection with his filing of grievances. To the extent that Plaintiff is arguing that his First Amendment right to petition the government includes a right to file grievances or to an effective grievance system, Plaintiff is wrong as a matter of law. See, e.g., Caldwell v. Beard, No. 2:07-cv-727, 2008 WL 2887810, at *8 (W.D.Pa. July 23, 2008)("As for the First Amendment claim, the court understands Plaintiff to be invoking his First Amendment right to petition the government. The court understands Plaintiff to be implying that the denial of his grievances by the Defendants violated his right to petition the government. Plaintiff is simply mistaken. Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) ('the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.'); Wilson v. Horn, 971 F.Supp. 943, 947 (E.D.Pa. 1997) (where prisoner sued DOC officials for failing to respond to his grievances, the court held that '[p]risoners are not constitutionally entitled to a grievance procedure and the state creation of such a procedure does not create any federal constitutional rights. Prisoners do have a constitutional right to seek redress of their grievances from the government, but that right is the right of access to the courts, and this right is not compromised by the failure of the prison to address his grievances.'), aff'd, 142 F.3d 430 (3d Cir. 1998) (Table)").

To the extent that Petitioner is attempting to now claim that the actions of the Defendants constituted retaliation against him in violation of the First Amendment, Plaintiff may not amend his complaint (which did not include such a claim of retaliation) by his objections or by his response to the summary judgment motion.[1] Grayson v. Mayview State Hospital, 293 F.3d 103, 109 n.9 (3d Cir. 2002)("For the sake of clarity, a prisoner plaintiff (or any other plaintiff) should not be able effectively to amend a complaint through any document short of an amended pleading."). Accord Commonwealth of Pa. ex. rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). This is true, notwithstanding the fact that Plaintiff is pro se. See, e.g., McArdle v. Tronetti, 961 F.2d 1083, 1089 (3d Cir. 1992)(applying rule of Zimmerman v. PepsiCo. but the pro se litigant there was an attorney); Martin v. Zook, NO. CIV.A. 87-3775, 1988 WL 33919 (E.D.Pa. March 31, 1988)(applying rule of Zimmerman v. PepsiCo. to pro se lay plaintiff).

Any remaining objections bear no specific mention as the Report, standing alone, is more than adequate as a response.

In light of the foregoing, all of Plaintiff's objections are OVERRULED.

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 20th day of April 2009;

---

[1] Nor is Plaintiff's quotation of the complaint, wherein he complained that Defendant Mistick allegedly stated "Plaintiff was an inmate who 'likes to cry about officers hitting you (Plaintiff) with crutches'" (Doc. 157 at 6), sufficiently state a claim of retaliation, even applying the most liberal of pleading standards accorded to pro se plaintiffs.

5

IT IS HEREBY ORDERED that the motion for summary judgment (Doc. 124) is GRANTED.

IT IS FURTHER ORDERED that the Report and Recommendation filed on March 5, 2009, by Magistrate Judge Hay, is adopted as the opinion of the Court as supplemented by this Memorandum Order.

_____
Arthur J. Schwab
United States District Judge

cc: The Honorable Amy Reynolds Hay
United States Magistrate Judge

James Edward Cole
GP 5404
SCI-Rockview
Box A
Bellefonte, PA 16823-0820

All counsel of record by Notice of Electronic Filing