IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES COLE,

      Plaintiff,                      05cv1476

     v.                            **ELECTRONICALLY FILED**

WILLIAM MISTICK, ET AL.,

      Defendants.

**September 22, 2009**

<u>**Memorandum Opinion on Summary Judgment**</u>

**I.       Introduction**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  *Pro se* prisoner, James Cole filed a civil rights action against seven Allegheny County Jail employees, and one Nurse at the Allegheny County Jail alleging, *inter alia*, that defendants conspired to use excessive force against him, engaged in a cover-up, and were "deliberately indifferent" to his medical needs. Doc. No. 1.  After summary judgment motions were filed by the seven Allegheny County Jail employees (doc. no. 124), this Court affirmed the Report and Recommendation of United States Magistrate Judge Amy Reynolds Hay (doc. no. 150) and granted summary judgment in favor of Allegheny County Jail employees (doc. no. 161) .  Thus, the only remaining defendant is a nurse at the Allegheny County Jail, as identified in the complaint as "Nurse Judy."  Subsequent documents filed on behalf of "Nurse Judy" have identified her as Judy Garafolo, R.N. (hereinafter "Nurse Garafolo").

*Pro se* plaintiff appears to make a claim against Nurse Garafolo for deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States

Constitution (although the Court notes that he does not specifically mention the Eighth

Amendment in his complaint).  Further, plaintiff alleges that Nurse Garafolo was part of the

conspiracy with the other named defendants to "minimize" his injuries and "maximize" his

actions.  Finally, he advances a state law claim of professional negligence against Nurse

Garafolo.

Currently pending before this Court is the motion for summary judgment filed on behalf

of Nurse Garafolo (doc. no. 171), and response in opposition thereto (doc. no. 176 - - document

entitled "Plaintiff's Cause Why the Pending Motion for Summary Judgment Should Not Be

Granted"; and doc. nos. 179-180 "Plaintiff's Response to Defendant's Motion for Summary

Judgment and/or Motion to Strike").[1]  As previously set forth in the prior Report and

Recommendation (doc. no. 150), plaintiff fails to adduce any credible evidence to demonstrate

that any of defendants engaged in a conspiracy, let alone Nurse Garafolo.  Further, this Court

finds that plaintiff has failed to adduce evidence from which a finder of fact could reasonably

determine that the actions and alleged inactions of Nurse Garafolo amounted to deliberate

indifference, as is required in order to maintain an action under the Eighth Amendment.  The

Court finds that when judging the facts in the light most favorable to plaintiff as the non-moving

party, the facts fall short of the quantum of culpability required in order to maintain a civil rights

action for violation of the Eighth Amendment.

_____

[1]In his filing (doc. no. 176), plaintiff alleged that he did not receive a copy of defendant's
motion for summary judgment and supporting brief, despite the certificate of service filed by
defendant evidencing that plaintiff did receive said documents.  Nonetheless, on August 19,
2009, the Court ordered defendant to serve plaintiff with said documents immediately, and
plaintiff was afforded until September 14, 2009,  to respond to defendant's motion and
supporting brief.  The Court received said responsive documents on September 15, 2009 (doc.
nos. 179 and 180).

Therefore, summary judgment will be GRANTED (doc. no. 171) in favor of Nurse Garafolo as to the Eighth Amendment and conspiracy claims.  The Court will dismiss plaintiff's state law professional negligence claim without prejudice for said negligence claim to be filed in state court, and will DENY AS MOOT defendant's motion to strike the certificate of merit (doc. no. 170) .


II.     **Summary Judgment Standards**

Summary judgment under Fed.R.Civ.P. 56(c) is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Woodside v. School Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001), *quoting Foehl v. United States*, 238 F.3d 474, 477 (3d Cir. 2001) (citations omitted).  In deciding a summary judgment motion, the court must "view the evidence . . . through the prism of the substantive evidentiary burden" to determine "whether a jury could reasonably find either that the plaintiff proved his case by the quality and quantity of the evidence required by the governing law or that he did not." *Anderson v. Consolidated Rail Corp.*, 297 F.3d 242, 247 (3d Cir. 2002), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' -- that is, pointing out to the District Court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  If the moving party has carried this burden, the burden shifts to the non-

3

moving party who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224, 1230 (3d Cir. 1993). Thus the non-moving party cannot rest on the pleadings, but instead must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial," Fed.R.Civ.P. 56(e), and cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (*citing Celotex*, 477 U.S. at 325 (1986)). The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial." *Simpson v. Kay Jewelers, Div. Of Sterling, Inc.*, 142 F. 3d 639, 643 n. 3 (3d Cir. 1998), *quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n. 1 (3d Cir. 1994).

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)." *Marino v. Industrial Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004.) *See also Doe v. County of Centre, PA*, 242 F.3d 437, 446 (3d Cir. 2001) (court must view facts in the light most favorable, draw all reasonable inferences, and resolve all doubts, in favor of the nonmoving party ).

### III.    Factual Background

Plaintiff alleges that on July 2, 2005, while a pre-trial detainee at the Allegheny County

Jail, defendants Zoller and Worral attacked him without provocation and injured one of his knee caps.  Plaintiff then alleges that on August 22, 2005, defendant Mistick, Corrado, Haley, Jones and Demore attacked plaintiff without provocation, which included the use of pepper spray on plaintiff.[2]  Plaintiff alleges that after the incident Nurse Garafolo only dabbed his face with a paper towel and "told him he shouldn't be stupid by filing complaints against officers and screamed 'clear!'" Doc. No. 1 at 5.

According to the plaintiff, the following morning, plaintiff had to be taken to Mercy Hospital because of his medical condition and that "it was discovered that plaintiff vitals had dropped to a life-threatening low and his condition required him to be given oxygen through his nose and an IV." Doc. No. 1 at 6.

In connection with the events of July 2, 2005, the Court has previously taken judicial notice that plaintiff was accused of four counts of assault by a prisoner, once count of riot-intent to commit felony, one count of failure to disperse upon official order, and four counts of recklessly endangering another person.  18 Pa. C.S. § 2703, 5501(1), 550, 2705 respectively.  As a result of a plea agreement, plaintiff plead guilty to two of the charges, namely one count of assault by a prisoner, and one count of riot-intent to commit felony.  Plaintiff admitted at the guilty plea hearing that the evidence would have shown that plaintiff was involved in a riot at the jail and that he was unruly, shouting and shoving and assaulted several officers.  Doc. No. 145-2, at 9, lines 10-16.

In connection with the events of August 22, 2005, the Court has previously taken judicial

---

[2]The facts regarding any claims against the Allegheny County Jail employees, having already been dismissed, are recited merely as background information.

notice that plaintiff was charged with four counts of aggravated assault, one count of disorderly conduct, and four counts of simple assault.  18 Pa. C.S. § § 2702(a)(3), 5503, 2701(a), respectively.  Again, as a result of a plea deal, plaintiff plead guilty to all four counts of simple assault and one count of disorderly conduct.  At the guilty plea hearing, plaintiff admitted that the evidence would have shown that plaintiff asked an officer to loosen his handcuffs, the officer did so, then the defendant physically attacked the officer and three others.  Finally, plaintiff told the State Court Judge that his "temper got the best of [him], and [he] apologiz[ed] for [his] action to all the Allegheny County Jail Officers."  Doc. No. 145, at 10, lines 16 to 23.

### IV.    Discussion

#### a.  Plaintiff Has Failed to Demonstrate that Nurse Garafolo Conspired with Other Defendants

The Court has already ruled against plaintiff in his attempt to allege that the Allegheny County Jail defendants engaged in a conspiracy to cover up the fact that they had engaged in excessive force, and the Court will not reiterate it again.  Rather, the Court will incorporate the analysis set forth at doc. no. 150, p.23-24.  Since plaintiff's claims of conspiracy against the other defendants has failed, so too must his claim of conspiracy against the remaining defendant.  And, to the extent plaintiff alleges that Nurse Garafolo conspired to be deliberately indifferent to his medical needs, said claim of conspiracy fails because the alleged underlying wrong  (deliberate indifference to his serious medical needs) fails, as set forth below.

#### b. Plaintiff Has Failed to Demonstrate that Nurse Garafolo Was Deliberately Indifferent to Plaintiff's Serious Medical Needs.

6

In order to establish a violation of the right to adequate medical care under the Eighth Amendment, plaintiff must demonstrate a serious medical need and acts or omissions by prison officials that indicate a deliberate indifference to that need.  *Estelle v. Gamble,* 429 U.S. 97,106 (1976); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).   In order to establish deliberate indifference of a prison official, plaintiff must show that the prison official knew of and disregarded an excessive risk to the inmates health or safety.  *Id.*  In other words, "[t]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [/she] must also draw that inference."  *Farmer v. Brennan,* 511 U.S. 825, 838 (1994).  The test, then, for deliberate indifference, also termed as "recklessness" is a subjective one.  *Id.*   Allegations of medical malpractice, including negligence, are not sufficient to establish a constitutional violation.  *White v. Napolean,* 897 F.2d 103, 108-09 (3d Cir. 1990).

Although the Court is not immediately sure of whether, at the time of treatment by Nurse Garafolo, plaintiff had a serious medical need, it does appear that at some point in the 24 hours following the incident, plaintiff was found unconscious in his cell and was transferred to Mercy Hospital, and so the Court will infer that plaintiff had a serious medical need.  Therefore, the only remaining question is whether plaintiff has presented facts from which a jury could reasonably find that Nurse Garafolo, through her alleged acts and omissions, demonstrated a deliberate indifference to plaintiff's medical needs.

The only evidence plaintiff produces to support his allegations of deliberate indifference is his declaration[3] that Nurse Garafolo, after conferring with the ACJ officers, and despite the

---

[3]In his brief in support of Plaintiff's Response to Defendant's Motion for Summary Judgment, and/or Motion to Strike, plaintiff mentions a declaration/affidavit of Andre Jacobs (see doc. no. 180, p. 7), as further support for his claims of deliberate indifference and

fact that Nurse Garafolo had knowledge that plaintiff had injuries to his face and body, "she then came in [plaintiff's] cell at the time and dabbed [his] face with a paper towel, and said 'he's clear' and told [him] that he should be running [his mouth]."  Doc. No. 180-2.  According to plaintiff's declaration, after this incident, Nurse Garafolo was asked by an Officer Edwards to look at plaintiff again, at which point she "reluctantly showed up and dabbed [plaintiff] with more paper towels and told [him] he got what [he] deserved.  She then said 'he's cleared' and walked out." According to the declaration, after the nurse left his cell, Officer Edwards continued to check on plaintiff via intercom and told him not to go to sleep.  Officer Edwards eventually took him "to medical" where he saw another nurse, who eventually stated that he needed to see a doctor.  At some point after that, plaintiff went unconscious, at which point the medical staff gave him oxygen with a mask, and an IV, and he was transported to Mercy Hospital.  Doc. No. 180-2.  Plaintiff's declaration states almost the same thing as his complaint, in which he averred that "the only thing defendant Garafolo did to treat plaintiff was to dab his face with a paper towel, told him he shouldn't be stupid by filing complaints against officer and screamed, 'clear'". Doc. No. 1 at 5-6.

Plaintiff further argues that Nurse Garafolo did not comply with the Allegheny County Jail Use of Force Policy (doc. no. 171-12) in that she failed to use clear water to relieve the inflammation to his eyes (caused by the mace spray), she did not wash or instruct plaintiff to wash all exposed skin areas, nor did she allow him to change his clothes.

These actions or inactions of Nurse Garafolo do not establish deliberate indifference to his serious medical needs.  The facts remain that Nurse Garafolo did provide plaintiff medical

conspiracy, but fails to attach said document to his filings.

8

attention by dabbing his face, on at least two occasions.  Her actions or inactions do not evidence

a deliberate indifference or recklessness to plaintiff's serious medical needs.  There is no

evidence that Nurse Garafolo knew of and disregarded an excessive risk to plaintiff's health or

safety.  *Estelle v. Gamble,* 429 U.S. 97,106 (1976); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir.

1999)  At most, Nurse Garafolo's actions (if said actions amount to a violation of jail policies for

inmate safety) constitute professional negligence.  Accordingly, defendant Nurse Garafolo's

motion for summary judgment will be GRANTED.


###    c.    State Law Professional Negligence

Plaintiff has advanced a substantial state law claim for professional negligence against

Nurse Garafolo.  Having already granted summary judgment for the Nurse Garafolo on the civil

rights claims, thereby dismissing all federal claims, this Court will exercise its discretion not to

exercise its supplemental jurisdiction.  As set forth in *United Mine Workers v. Gibbs*, 383 U.S.

715, 726-27 (1966), and as codified in 28 U.S.C. § 1367(c), "district courts may decline to

exercise supplemental jurisdiction" over a state law claim if "the claim raises a novel or complex

issue of State law . . . [or] the district court has dismissed all claims over which it has original

jurisdiction."  *Combs v. Homer,* 540 F.3d 231, 253-54 (3d Cir. 2008) (quoting 28 U.S.C. §

1367(c).  A Court has the discretion to refuse to exercise supplemental jurisdiction and to remand

state claims to a state forum when 'values of judicial economy, convenience, fairness, and comity

counsel' in favor of remand.[4]  *Id.* citing *Hudson United Bank v. LiTenda Mortgage Corp.,* 142

---

[4]Because the original complaint was not filed in state court, the Court cannot remand this
case.  Rather, the Court will dismiss the complaint against the physicians defendants without
prejudice for an action to be filed in state court.

F.3d 151, 157 (3d Cir. 1998)(quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156,

173 (1997)).

In this case, the Court has already dismissed all claims over which it had original

jurisdiction, and judicial economy, fairness and convenience do not require this Court to retain

jurisdiction.  The remaining claims are brought by a Pennsylvania resident, who is housed in a

Pennsylvania prison, and relate to alleged professional negligence of a Pennsylvania prison

nurse.  The state court generally handles such cases and has substantial expertise in such cases.

There being no "exceptional" reason why the Court should retain this case involving only a state

claim, *Atkinson v. Old Economic Financial Consultants, Ltd.*, 2006 WL 2246405, *2 (W.D. Pa.

2006), the Court will dismiss the professional negligence count without prejudice for said claim

to be re-filed in state court.[5]

---

[5]Having declined to hear plaintiff's negligence claim, the Court will deny as moot
defendant's motion to strike plaintiff's certificate of merit.  Under Pennsylvania law, "any action
based upon an allegation that a licensed professional deviated from an acceptable professional
standard" requires a certificate of merit to be filed with the complaint or within sixty days
thereafter. Pa. R. Civ. P. 1042.3.  See *Ditch v. Waynesboro Hospital*, 917 A.2d 317 (Pa. Super.
2007); *Anspach v. City of Philadelphia, Dept. Of Public*, 2005 WL 1463468 (E.D. Pa. 2005).
Federal Courts in this Circuit have held that the Pennsylvania certificate of merit rule must be
applied as substantive state law by federal courts sitting in diversity.  *Chamberlain v. Giampapa*,
210 F.3d 154, 158-61 (3d Cir. 2000).  See also *Ward v. Knox, McLaughlin, Gornall & Sennett*,
2009 WL 693260 *(W.D. Pa. 2009); Velazque v. UPMC Bedford Memorial Hospital*, 328
F.Supp.2d 549 (W.D. Pa. 2004); *Saramuzza v. Sciolla*, 345 F.Supp.2d 508 (E.D. Pa. 2004).
    In this case, plaintiff filed his certificate of merit (doc. no. 169) approximately 42 months
after the deadline for filing a certificate of merit, and claimed that no certificate of merit need be
filed because the testimony of a licensed professional is not necessary for the prosecution of his
case against Nurse Garafolo, and that due to his incarceration, he is unable to secure an expert.
In pursuing a "state law tort negligence" (doc. no. 1) claim against Nurse Garafolo, plaintiff
necessarily would be required to argue that her medical treatment of him was negligent, in that it
fell below a professional standard of care.  Thus, it would appear that expert support for his
position may be required.  Because the Court, however, has declined to exercise jurisdiction over
the remaining state law claim for the reasons set forth herein, the Court will deny as moot
defendant's motion to strike plaintiff's certificate of merit (doc. no. 170), but the Court notes that

### d.  Qualified Immunity

The next question is whether Nurse Garafolo is entitled to qualified immunity.  In analyzing qualified immunity claims for a law enforcement officers alleged violation of a constitutional right, the Court may apply a two-step inquiry. *Pearson v. Callahan,* --- U.S. ----, 2009 WL 128768 (U.S. Jan. 21, 2009) (holding that Court may but is no longer required to first determine whether the facts make out a violation of constitutional right)*; Scott v. Harris*, 550 U.S. 372, 127 S.Ct. 1769, 1774 (2007); *see also Saucier v. Katz*, 533 U.S. 194, 200-01, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

In *Scott*, the United States Supreme Court set forth the first question: "'Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?'" *Scott*, 127 S.Ct. at 1774 (quoting *Saucier v. Katz*, 533 U.S. 194, 200-01, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). "If, and only if, the court finds a violation of a constitutional right, 'the next, sequential step is to ask whether the right was clearly established ... in light of the specific context of the case.'" *Id.*

Having already found that plaintiff has failed to establish a violation of his Eighth Amendment rights, the Court answers the first question in the negative and will not address part two of the above inquiry.

### V.   Conclusion

This Court finds that plaintiff has failed to present evidence from which a fact finder

---

although plaintiff failed to file his certificate of merit in a timely manner, so to has defendant failed to file a timely objection to the failure to file his certificate of merit.

could reasonably infer that Nurse Garafolo was "deliberately indifferent" to his serious medical needs, in violation of the Eight Amendment and 18 U.S.C. § 1983.  Having found no underlying constitutional violation, plaintiff's claim that Nurse Garafolo conspired with the other defendants to violate his constitutional rights, also fails.

The Court will grant defendant's motion for summary judgment (doc. no. 171).  The Court will dismiss the state law professional negligence claim against the Nurse Garafolo without prejudice for said claim to be re-filed in state court pursuant to 42 Pa.C.S. § 5103(b), and the Court will deny defendant's motion to strike the certificate of merit (doc. no. 170) as moot.

An appropriate order follows.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:      All Registered ECF Counsel and Parties

James Coles
GP5404
SCI Rockview
Box A
Bellefonte, PA 16823
**PRO SE PLAINTIFF**

12